UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 22-cr-80052-Smith/Maynard
18 U.S.C. § 1344
18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 982(a)(2)(A)

UNITED STATES OF AMERICA

vs.

CHANTELLE NOEL HABERSHAM,

Defendant.
_____/

FILED BY _SP_ D.C.

APR 07 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At times relevant to this Indictment:

1. American Express Company ("American Express") was a New York corporation doing business as a bank holding company and a credit card lender throughout the United States, including the State of Florida, with deposits insured by the Federal Deposit Insurance Corporation, and as such was a financial institution.

2. The defendant, **CHANTELLE NOEL HABERSHAM**, was a resident of Broward County, Florida. **CHANTELLE NOEL HABERSHAM** was a sales associate at Car Dealership 1 in Delray Beach, Florida.

3. Victim 1 was a resident of Palm Beach County, Florida. In May 2020, Victim 1 purchased a vehicle from Car Dealership 1 in Delray Beach, Florida.

4. Victim 1 had a credit card ending in 63001 with American Express.

## COUNT 1
## Bank Fraud
## (18 U.S.C. § 1344)

5. Paragraphs 1 through 4 of the General Allegations section of this Indictment are realleged and incorporated fully by reference herein.

6. On or about June 17, 2020, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**CHANTELLE NOEL HABERSHAM,**

did knowingly and, with intent to defraud, execute, and cause the execution of, and attempt to execute and cause the execution of, a scheme and artifice to defraud a financial institution, namely, American Express, and to obtain monies, funds, and other property owned by, and under the custody and control of said financial institution, by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

### PURPOSE OF THE SCHEME AND ARTIFICE

7. It was the purpose of the scheme and artifice for the defendant, **CHANTELLE NOEL HABERSHAM**, to unlawfully enrich herself by having a credit card fraudulently issued in her name under an American Express account associated with a credit card ending in 63001 that belonged to Victim 1.

### THE SCHEME AND ARTIFICE

8. The defendant, **CHANTELLE NOEL HABERSHAM**, pretended to be Victim 1 and gained access to Victim 1's American Express account associated with a credit card ending in 63001, by using Victim 1's personal identifying information.

9. The defendant, **CHANTELLE NOEL HABERSHAM**, caused the issuance of a credit card to be issued in her name on the account of Victim 1's American Express account associated with a credit card ending in 63001.

10. The defendant, **CHANTELLE NOEL HABERSHAM**, changed the contact email address of Victim 1's American Express account associated with a credit card ending in 63001 to an email address that the defendant, **CHANTELLE NOEL HABERSHAM**, controlled, and caused correspondence from American Express to be sent to that email account.

### EXECUTION OF THE SCHEME AND ARTIFICE

11. On or about June 17, 2020, in the Southern District of Florida, and elsewhere, the defendant, **CHANTELLE NOEL HABERSHAM,** did execute the scheme and artifice, and did cause said scheme and artifice to be executed, by pretending to be Victim 1 by using Victim 1's personal identifying information, and directed the issuance of a credit card in the defendant's name on Victim 1's American Express account associated with a credit card ending in 63001, without Victim 1's permission or knowledge.

All in violation of Title 18, United States Code, Sections 1344(1) and (2).

### COUNT 2
### Aggravated Identity Theft
### (18 U.S.C. §1028A(a)(1))

On or about June 17, 2020, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

### CHANTELLE NOEL HABERSHAM,

during and in relation to a felony violation of Title 18 United States Code, Section 1344, that is, bank fraud, as charged in Count 1 of this Indictment, did knowingly use, without lawful authority,

a means of identification of another person, that is, Victim 1's name, Victim 1's credit card number ending in 63001, and Victim 1's emergency security PIN, in violation of Title 18, United States Code, Section 1028A(a)(1).

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **CHANTELLE NOEL HABERSHAM,** has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Sections 1344, as alleged in this Indictment, the defendant shall forfeit to the United States any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of such offense, pursuant to Title 18, United States Code, Section 982(a)(2)(A).

All pursuant to Title 18, United States Code, Section 982(a)(2)(A), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

_____
FOREPERSON

_____
JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

_____
MARTON GYIRES
ASSISTANT UNITED STATES ATTORNEY

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA**

CASE NO.: 22-cr-80052-Smith/Maynard

v.

CHANTELLE NOEL HABERSHAM,

**CERTIFICATE OF TRIAL ATTORNEY***

_____/
Defendant.

**Superseding Case Information:**

**Court Division** (select one)
- ☐ Miami     ☐ Key West     ☐ FTP
- ☐ FTL       ☑ WPB

New Defendant(s) (Yes or No)
Number of New Defendants
Total number of New Counts

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) No
   List language and/or dialect:

4. This case will take  3  days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)
   - I    ☑ 0 to  5 days
   - II   ☐ 6 to 10 days
   - III  ☐ 11 to 20 days
   - IV   ☐ 21 to 60 days
   - V    ☐ 61 days and over

   (Check only one)
   - ☐ Petty
   - ☐ Minor
   - ☐ Misdemeanor
   - ☑ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge                    Case No.

7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No.

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge                    Case No.

9. Defendant(s) in federal custody as of

10. Defendant(s) in state custody as of

11. Rule 20 from the                   District of

12. Is this a potential death penalty case? (Yes or No) No

13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No

14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) Yes

By: _____
MARTON GYIRES
Assistant United States Attorney
Court ID No.    A5501696

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** **CHANTELLE NOEL HABERSHAM**

Case No: 22-cr-80052-Smith/Maynard

Count 1:

Bank Fraud

Title 18, United States Code, Section 1344

\* **Max. Penalty:** 30 years' imprisonment, 5 years' supervised release and $1,000,000 fine, plus restitution.

Count 2:

Aggravated Identity Theft.

Title 18, United States Code, Section 1028A

\* **Max. Penalty:** 2 years' imprisonment consecutive to any sentence imposed on Count 1, 3 years' supervised release and $250,000 fine.

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.